IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LIAM BUCKLEY                                                                                    PLAINTIFF

v.                                         Case No. 5:13-CV-05216

G.D USA, INC.                                                                                  DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant G.D USA, Inc.'s ("G.D USA") motion to dismiss Plaintiff Liam Buckley's original complaint or, in the alternative, transfer venue (Doc. 14); G.D USA's motion to dismiss Buckley's amended complaint or, in the alternative, transfer venue (Doc. 27) and brief in support (Doc. 28); and Buckley's response in opposition (Doc. 30) and brief in support (Doc. 31). The Court finds that G.D USA's motion to dismiss the original complaint was superseded by G.D USA's motion to dismiss the amended complaint. Accordingly, G.D USA's motion to dismiss the original complaint is DENIED AS MOOT. For the reasons stated herein, G.D USA's motion to dismiss the amended complaint is DENIED.

**I. Background**

This is an action by a former employee of G.D USA to recover unpaid sales commissions under an alleged sales commission agreement. The relevant facts, as alleged in the complaint,[1] are as follows: On November 12, 2012,[2] G.D USA offered Buckley employment with the position of Volpak/ACMA Sales (Central Region) (the "Sales Position"). Buckley declined the offer. G.D USA offered the Sales Position to Buckley again on December 7, 2012, but this time

---

[1] Unless otherwise specified, all references to the "complaint" refer to the amended complaint (Doc. 26) filed by Buckley on April 16, 2014.

[2] The complaint refers to the date as "November 12, 2013," but the Court assumes this to be a typographical error. (Doc. 26, p. 2).

with additional terms, including a sales commission scheme in addition to a regular salary. Buckley accepted the second offer of employment. The sales commission scheme provided for 17% commission on an as-sold gross margin on sales over $2,000,000, with a graduating commission structure on sales up to $2,000,000. It also provided for an uncapped commission on machine sales.

Buckley began working for G.D USA on December 15, 2012. During the first week in January of 2013, he initiated contact and began negotiations with Schreiber Foods Inc. ("Schreiber"), a company that had not been in contact with G.D USA prior to that time and was on the verge of placing an order with a competitor. On March 15, 2013, G.D USA sent Buckley a document entitled "2013 Annual Sales Commission Plan for Liam Buckley" that drastically reduced his sales commission rate. Under the new sales commission scheme, Buckley would earn 1% commission on orders between $0 and $450,000; 1.5% commission on orders between $450,001 and $900,000; and 2% commission on orders greater than $900,001, with a cap of $100,000 on commissions earned per order. The scheme also included a payment plan whereby commissions were broken down into two 50% payments, the first of which was to be made during the month following the close of each quarter in which the order was received and the second of which was to be made in the month following the quarter in which the revenue was recognized. The effective date of the new sales commission scheme was March 15, 2013. On May 24, 2013, Schreiber issued a purchase order for a machine valued at $855,892. On May 30, 2013, Schreiber issued another purchase order, this time for four machines valued at $10,890,892. At that time, Schreiber submitted a down payment of $100,000 for preliminary work. Schreiber submitted another payment on July 30, 2013, in the amount of $2,250,450.70. Buckley entered his resignation on August 2, 2013, and his final day of employment with G.D

USA was August 16, 2013.  G.D USA has refused to pay Buckley the commissions allegedly owed to him for the sales made to Schreiber.

Buckley filed the instant action, alleging state law claims for breach of contract, promissory estoppel, unjust enrichment, and fraud.  G.D USA now asserts that the complaint should be dismissed in its entirety for failure to state a claim for relief.

## II.  Legal Standard

For each claim asserted, the complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Federal Rule of Civil Procedure 12(b)(6) provides an avenue for dismissal of a pleading on grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In ruling on a 12(b)(6) motion, a court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  The court is to consider only the pleadings and "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint."  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (internal quotation omitted).  G.D USA has submitted a letter dated December 7, 2012 in support of its motion that it contends serves as the basis for Buckley's claims.  G.D USA argues that this letter is proof that no contract existed between G.D USA and Buckley.  However, the Court will not assume that

the letter is the basis for Buckley's asserted claims. Accordingly, the Court's analysis of G.D USA's arguments for dismissal under Rule 12(b)(6) is limited to a review of the complaint itself.

**III. Discussion**

Buckley alleges that he and G.D USA had an employment contract that included an agreement concerning a sales commission structure. Although a written contract is not attached to the pleading, the terms of the agreement regarding the sales commission structure are described in the complaint. Buckley further alleges that G.D USA breached the parties' agreement by failing to pay him all commissions to which he is entitled. In response, G.D USA argues that no contract exists.

As explained above, when ruling on a motion to dismiss under Rule 12(b)(6), the Court is limited to examining the complaint to determine whether sufficient facts have been set forth by Buckley that, if proven true, would entitle him to relief. Any further inquiry into the factual or legal sufficiency of such allegations is not appropriate at this time. Whether a valid contract exists and whether G.D USA breached the terms of the contract in any way are factual disputes that are potentially relevant at the summary judgment or trial stage of the proceedings. For now, the Court cannot and will not engage in an analysis of disputed facts, and instead must assume the facts as stated by Buckley in the complaint to be true. Buckley has alleged the offer and acceptance of an agreement regarding a sales commission structure, as well as the basic terms thereof and G.D USA's breach of the terms. Therefore, Buckley has stated a plausible claim for relief under a theory of breach of contract.

G.D USA next contends that Buckley's claim of promissory estoppel must be dismissed as Virginia does not recognize promissory estoppel as a cause of action. Buckley does not

directly challenge G.D USA's assertion that Virginia law applies, but does argue that he has set forth a claim for promissory estoppel.

"A district court sitting in diversity must apply the choice-of-law rules of the state in which it sits." *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1007 (8th Cir. 2008). Accordingly, Arkansas' choice-of-law principles apply here. "In resolving a choice-of-law issue, the court must first determine what type of claim is involved because courts employ different choice-of-law methods depending on the claim." *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1007 (8th Cir. 2008). G.D USA contends that Virginia law applies whether the Arkansas choice-of-law principles for either contract or tort law apply.

"Where there is no effective choice of law by the parties in a cause of action arising in contract, Arkansas courts employ the 'most significant relationship' test to determine which state's laws to apply." *Tyler v. Alltel Corp.*, 265 F.R.D. 415, 424 (E.D. Ark. 2010) (citing *Crisler v. Unum Ins. Co. of Am.*, 366 Ark. 130, 133 (2006)). Under this test, a court must consider the nature and quantity of each state's contacts with the transaction at issue, evaluating the following relevant factors: "(1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* Here, the transaction at issue is the sales commission agreement.[3] The details regarding the place of contracting and the place of negotiation are not mentioned in the complaint.[4] The sales commission agreement is related to Buckley's acceptance of the Sales

---

[3] G.D USA argues that the transaction at issue is the letter attached to its motion, which the Court has previously declined to consider.

[4] The complaint does allege that "all transactions occurred within the State of Arkansas" for the specific purpose of personal jurisdiction. (Doc. 26, ¶ 3).

Position, which involves the "Central Region." Buckley's sales territory included Arkansas, but not Virginia. Buckley is, and was at the time of the transaction, a citizen and resident of Arkansas, and his office was located in Arkansas. Buckley conducted his employment for G.D USA from Arkansas, and he contacted and conversed with potential customers from Arkansas. G.D USA is a Virginia corporation with its principal place of business in Virginia that is authorized to do business in Arkansas. At the beginning of Buckley's employment with G.D USA, he traveled to Virginia for training. Based on these facts and given the standard to be applied when ruling on a motion to dismiss, the Court cannot conclude with any certainty that Virginia law will govern. The Court finds that Buckley has stated a plausible claim under Arkansas law. This choice-of-law determination is made solely for the purpose of denying the instant motion to dismiss. The parties can revisit any choice-of-law issues if necessary as the facts are developed.

In light of the foregoing, the Court finds that Buckley's complaint sufficiently alleges claims of promissory estoppel and unjust enrichment under Arkansas law. Buckley alleges that G.D USA "made a promise to the Plaintiff concerning his sales commission structure," and based on this promise, Buckley "left previous employment in order to begin employment with [G.D USA] . . . ." (Doc. 26, ¶¶ 38–39). He alleges that the promised bonus structure was the main reason he finally accepted employment with G.D USA. *Id.* at ¶ 13. He further alleges that he "conferred a benefit on the Defendant by bringing to the Defendant a new client who ultimately purchased more than $11,000,000 in machinery" and that he reasonably expected to be compensated by G.D USA in the form of a commission. *Id.* at ¶¶ 43–44. Finally, he alleges that G.D USA has refused to pay Buckley the commissions promised to him for sales made to Schreiber. Viewed in the light most favorable to Buckley, these allegations are sufficient to state

claims for unjust enrichment and promissory estoppel.  *See DePriest v. AstraZeneca Pharm., L.P.*, 351 S.W.3d 168, 179 (Ark. 2009) ("an action based on unjust enrichment is maintainable where a person has received money . . . under such circumstances that, in equity and good conscience, he or she ought not to retain"); *Van Dyke v. Glover*, 326 Ark. 736, 745 (Ark. 1996) (finding allegations sufficiently stated a claim for promissory estoppel and survived a motion to dismiss where plaintiffs alleged they relied on the existence of a contract to their detriment).

Finally, G.D USA argues that Buckley's fraud claim fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  Here, Buckley alleges that G.D USA "made a false representation of material fact concerning the terms of Plaintiff's employment with respect to Plaintiff's sales commission structure.  Specifically, the Defendant did not intend for the Plaintiff's initial commission structure to remain the same and intentionally and purposefully failed to inform Plaintiff of its intended changes."  (Doc. 26, ¶ 48).  Buckley further alleges that G.D USA knew that the commission structure was about to change when G.D USA made the representations to Buckley about the sales commission structure, and the representations were made for the purpose of inducing Buckley to enter the contract.  *Id.* at ¶¶ 49–50.  These allegations are sufficient to state a cause of action for common law fraud.  *See Hames v. Cravens*, 332 Ark. 437, 444 (noting that averments of fraud must include some facts regarding the alleged misrepresentation and the intent to defraud).

## III. Alternative Motion to Transfer Venue

The Court will now turn to the merits of the motion to transfer the action to the United States District Court for the Eastern District of Virginia, Richmond Division, under 28 U.S.C.

§1404(a).[5] The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought or to any district or division to which all parties have consented." Accordingly, this statute vests discretionary authority in the district court to transfer a civil action to another district. The Eighth Circuit has "declined to offer an exhaustive list of specific factors to consider in making the transfer decision," instead advising that "district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal quotations omitted).

The Court is not persuaded by G.D USA's argument for transfer. The bulk of G.D USA's argument comes down to the fact that G.D USA is headquartered in Virginia, which would make trial in Virginia much more convenient for G.D USA. G.D USA asserts that potential witnesses will have to take time off of work to travel to Arkansas. However, it does not identify any such witnesses nor did it provide any affidavits. These vague, general assertions are insufficient to overrule a plaintiff's choice of forum. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) ("In general, federal courts give considerable deference to a

---

[5] G.D USA first argues that the action should have been brought in the United States District Court for the Eastern District of Virginia, Richmond Division. This argument is more appropriately made in support of a motion for improper venue under Federal Rule of Civil Procedure 12(b)(3). Even so, according to 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim or claims occurred; or, if there is no district in which an action may otherwise be brought, (3) any judicial district in which any defendant is subject to a court's personal jurisdiction. For purposes of venue, a defendant corporation resides in any judicial district in which it is subject to the court's personal jurisdiction. 28 U.S.C. § 1391 (c)(2). G.D USA has waived any objection to the Court's exercise of personal jurisdiction by failing to raise the issue in its motion to dismiss. Venue is proper in this district.

plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."). The conduct at issue involves promises made from a party in one state to a party in another state, and it is apparent that G.D USA was well aware that Buckley would live and work in Arkansas during the scope of his employment. While transfer would undoubtedly be more convenient for G.D USA, G.D USA has provided the Court with no supporting proof or factual information that indicates transfer would be more convenient for anyone else or that transfer is in the best interests of justice.

### IV. Conclusion

IT IS HEREBY ORDERED that Defendant G.D USA's motion to dismiss Plaintiff's original complaint (Doc. 14) is DENIED AS MOOT.

IT IS FURTHER ORDERED that G.D USA's motion to dismiss Plaintiff's amended complaint or, in the alternative, transfer venue (Doc. 27) is DENIED in its entirety.

IT IS SO ORDERED this 7th day of August, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE